# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH Z. WOMBLE, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 16-328-RAW-SPS |
| KAMERON HARVANEK, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This action is before the Court on Plaintiff's motion for preliminary injunction (Dkt. 5) and Defendant's motion to dismiss Plaintiff's amended civil rights complaint (Dkt. 16). Plaintiff, a pro se prisoner in the custody of the Oklahoma Department of Corrections, brings this action under the authority of 42 U.S.C. § 1983, seeking monetary and injunctive relief for alleged constitutional violations during his incarceration at Mack Alford Correctional Center (MACC) in Stringtown, Oklahoma. His sole defendant is MACC Warden Kameron Harvanek, in his individual capacity.

Plaintiff alleges in his amended complaint (Dkt. 9) that when he was housed at MACC from January 2012 to August 2016, Defendant was deliberately indifferent to Plaintiff's unconstitutional conditions of confinement. In August 2015, the ice machine and water fountain on Plaintiff's housing unit allegedly stopped working, and neither was replaced. Plaintiff claims that in June 2016, his cell temperature rose to more than 90 degrees on more than fifteen occasions, and he became severely dehydrated on three occasions that month.

Plaintiff further alleges that on June 16, 2016, he sent a Request to Staff to Defendant concerning the heat and the lack of cold, uncontaminated drinking water. Defendant denied the request and told Plaintiff to drink water from the sink in his cell. Plaintiff asserts,

however, that the water in his sink was warm, contaminated, and brown in color, and he often vomited after drinking it.

In his second grievance to Defendant on June 26, 2016, Plaintiff complained that because the temperature was so high in his cellblock, Defendant was required to provide cold, uncontaminated drinking water by installing a water fountain. Defendant again denied relief and stated, "You have [enough] ice and water to prevent dehydration." (Dkt. 9 at 4). Plaintiff asserts that at the time, he received only one, half-melted, 6-ounce scoop of ice a day, and his cell water was contaminated and warm. Plaintiff appealed the grievance denial to the Administrative Review Authority, which summarily denied the appeal in July 2016.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the

allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quotations and citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Defendant's Motion to Dismiss**

Defendant Harvanek asserts, among other things, that Plaintiff has failed to allege an Eighth Amendment violation. Conditions of confinement violate the prohibition against

3

cruel and unusual punishment when "they result[] in unquestioned and serious deprivation of basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Constitution, however, "'does not mandate comfortable prisons'" and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes*, 452 U.S. at 349, 347).

To prevail on a "conditions of confinement" claim under the Eighth Amendment, an inmate must establish that (1) the condition complained of is "'sufficiently serious'" to implicate constitutional protection, and (2) prison officials acted with "'deliberate indifference' to inmate health or safety." *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). An alleged deprivation is "sufficiently serious" if it exposes the inmate to a "substantial risk of serious harm." *Farmer*, 511 at 834. To show deliberate indifference, "a plaintiff must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting *Farmer*, 511 U.S. at 847). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *DeSpain*, 264 F.3d at 975 (quoting *Farmer*, 511 U.S. at 837).

Here, the Court finds Plaintiff has failed to show that the broken ice machine, the broken water fountain, or the temperature of his cell qualifies as a sufficiently serious deprivation. Plaintiff received a daily cup of ice during the hot summer months, and he had water from the sink in his cell. Although Plaintiff claims the water in his cell was contaminated, he offers only conclusory allegations. In addition, there is no indication that Plaintiff's symptoms of dehydration and vomiting were serious enough to warrant treatment.

4

Finally, Plaintiff has failed to allege "deliberate indifference" by Defendant that would rise to the level of a constitutional violation. *See Strope v. Sebelius*, 189 F. App'x 763, 766 (10th Cir. 2006) (unpublished) (holding that although the temperature in a cell may be "excessively hot" and uncomfortable, those conditions did not rise to a violation of the Eighth Amendment). Defendant's denial of Plaintiff's grievances is not evidence of deliberate indifference. *See Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012) ("Whatever knowledge [the warden] may have had when he denied [plaintiff's] appeal, his only involvement was to deny the grievance appeal, which is insufficient for § 1983 liability."). *See also Kinkead v. Sutmiller*, 2014 WL 4792074, at *2 (W.D. Okla. Sept. 24, 2014) (unpublished) (initial denial of grievance was not evidence of deliberate indifference of Plaintiff's rights). Therefore, the Court finds Plaintiff's amended complaint fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

**Motion for Preliminary Injunction**

Plaintiff has filed a motion for preliminary injunction, which also alleges the temperature in his cell was above 90 degrees Fahrenheit, with a heat index above 100 degrees Fahrenheit. (Dkt. 5). He claims the ice machine is broken, there is no water fountain, and the water from his sink is brown and contaminated. He complains he receives no ice at mealtimes, and only is given a 6-ounce scoop of ice daily, which he must share with his cell mate. He claims to suffer from sweating, headaches, and fatigue, and he takes psychiatric medicine. He asks the court for the following relief:

> Plaintiff seeks an *order* (1) requiring Defendant to develop and implement a long-term plan to maintain the heat index at or below 88 degrees Fahrenheit; (2) appointing a special master to oversee Defendant's implementation of such plan; (3) requiring Defendant's [sic] to provide Plaintiff clean, *uncontaminated* ice water at regular intervals via the installation of an ice machine and water fountain on Plaintiff's housing unit; (4) requiring Defendants to lower the shower temperature during the summer months; and (5) enjoining Defendant or his employees from retaliating against Plaintiff by transfer to a less

5

favorable prison.

(Dkt. 5 at 2) (emphasis in original).

To be entitled to injunctive relief, the movant must establish a violation of his constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 376-77 (1976). As discussed above, Plaintiff has failed to establish the violation of a constitutional right, and he consequently has not prevailed on the merits of his amended complaint. Therefore, his motion for a preliminary injunction must be DENIED.

**ACCORDINGLY,** Defendant's motion to dismiss (Dkt. 16) is GRANTED, Plaintiff's motion for a preliminary injunction (Dkt. 5) is DENIED, and this action is, in all respects, DISMISSED for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). This dismissal shall count as a "prior occasion" or "strike," pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 21st day of March 2017.

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**