# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH Z. WOMBLE, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 16-328-RAW-SPS |
| KAMERON HARVANEK, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff appealed the dismissal of this civil rights action, and the Tenth Circuit Court of Appeals reversed this Court's judgment and remanded for further proceedings. *Womble v. Harvanek*, No. 17-7023, slip op. at 10 (10th Cir. Dec. 12, 2017) (unpublished) (Dkt. 32). The Tenth Circuit held that Plaintiff had stated a claim against Defendant Harvanek concerning Plaintiff's lack of access to a sufficient supply of uncontaminated drinking water at Mack Alford Correctional Center (MACC) during a time of high cell temperatures. Plaintiff presently is incarcerated at Lexington Correctional Center in Lexington, Oklahoma.

Following the decision by the Tenth Circuit, six prisoners incarcerated at Joseph Harp Correctional Facility in Lexington, Oklahoma, filed individual motions to intervene in this matter,[1] for appointment of counsel to represent them in the proceedings, and for class certification. The movants are Robert Cotner (Dkts. 34, 66), Lawrence Cross (Dkts. 36, 46), Fred Smith (Dkts. 39, 53), Lelyn Bodine (Dkt. 42), Alric Smith (Dkt. 48), and Charles C.

---

[1] The motions to intervene state essentially the same allegations.

Brewington (Dkt. 83). Movants complain of problems throughout the Oklahoma Department of Corrections facilities, including unsafe water, excessive heat, food quality, overcrowding, inadequate sewage systems, and medical care.

Rule 24 of the Federal Rules of Civil Procedure governs when a party may intervene in a case either as of a right, or with permission of the Court:

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>
> **(1)** is given an unconditional right to intervene by a federal statute; or
>
> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movants's ability to protect its interest, unless existing parties adequately represent that interest.
>
> **(b) Permissive Intervention.**
>
> **(1)** In General. On timely motion, the court may permit anyone to intervene who:
>
> **(A)** is given a conditional right to intervene by a federal statute; or
>
> **(B)** has a claim or defense that shares with the main action a common question of law or fact.
>
> . . .
>
> **(3)** In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24.

Defendant has filed responses to Movants' motions, alleging Movants have no right

to intervene in this matter (Dkt. 45, 64, 84). There is no federal statute which confers upon Movants an unconditional right to intervene. *See* Fed. R. Civ. P. 24(a)(1). Further, Movants have shown no interest in the outcome of this matter for which they are impaired or impeded from protecting, unless Plaintiff adequately represents their interests. *See* Fed. R. Civ. P. 24(a)(2).

Defendant further claims that Movants do not meet the criteria for permissive intervention. There is no conditional right to intervene under a federal statute. *See* Fed. R. Civ. P. 24(b)(1)(A). Defendant further asserts Movants' claims do not share a common question of fact. *See* Fed. R. Civ. P. 24(b)(1)(B).

Defendant argues Plaintiff's claims arose at MACC from August 2015 through July 2016.[2] Movants, however, were not housed at MACC during that time. *See* Movants' Consolidated Record Cards (Dkt. 45-1, 45-2, 45-3, 45-4, 64-1, and 84-1). Instead, Movants allege there were problems with water and heat at other Oklahoma Department of Corrections facilities that did not occur during the period of August 2015 through July 2016. Therefore, Movants' claims are based on different facts from those in Plaintiff's case.

Movant Cotner has filed an objection to Defendant's response to the motions to intervene (Dkt. 55). He alleges that if he and Movants Cross, Smith, and Bodine are not allowed to intervene, they will be witnesses for Plaintiff in this case. Cotner further asserts:

---

[2] Plaintiff alleges in his amended complaint that he was housed at MACC from January 2012 to August 2016, and the ice machine and water fountain at MACC stopped working in August 2015 (Dkt. 9 at 2).

3

> [T]he Director of the Okla Dept of Corr. wants Cotner, Cross, Smith, and Bodine to be allowed to intervene into this case, so it can be certified as a class-action. Okla Governor Fallon and half the state legislature also wants it. States objection does admit same claims exist at all Okla state prisons, state-wide. And D.O.C. has requested funds to fix them. Since Asst Att Gen. Desiree-Singer works for them, she lacks legal standing to object to intervention, violating her Boss's desires.

(Dkt. 55 at 1) (errors in original).

Movant Cotner argues in his objection that pursuant to the Americans with Disabilities Act, and *Battle v. Anderson*,[3] he, Cross, Smith, and Bodine have a right to intervene in this case. He also contends that because Plaintiff no longer is in custody, Defendant's objection is moot.[4] Cotner further asserts he, Cross, Smith, and Bodine are subject to being transferred to MACC at any time. The objections to Defendant's response by Movants Fred Smith (Dkt. 56), Lawrence Cross (Dkt. 57), Lelyn Bodine (Dkt. 58), and Charles Brewington (Dkt. 83) make the essentially same arguments as those in Cotner's objection.

Plaintiff has filed a response to the motions to intervene, alleging that pursuant to Fed. R. Civ. P. 24(b)(1)(B), the proposed interveners have claims that share with the main action a common question of law, although there is no common question of fact (Dkt. 65 at 1). He contends that instead of allowing multiple interveners, the Court could certify this case as a class action and examine each of the movants' motions to establish eligibility for

---

[3] The Court assumes Cotner is referring to *Williams v. Saffle*, No. CIV 72-095-JHP (E.D. Okla. Jan. 30, 2001).

[4] As stated above, Plaintiff is presently incarcerated in a DOC facility.

4

the defined class. *Id.* at 2. The Court, however, finds Petitioner's allegations in the response are insufficient for the Court to consider the issue of class certification pursuant to Fed. R. Civ. P. 23. Furthermore, each of the movants could pursue his claims in a separate civil rights complaint under 42 U.S.C. § 1983. Therefore, the Court will examine the movants' motions to intervene.

> In exercising its discretion whether to allow intervention, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3); *see also Wilderness Soc'y, Ctr. For Native Ecosystems v. Wisely*, 524 F. Supp.2d 1285, 1294 (D. Colo. 2007). In addition, once the threshold requirement of a common question of law or fact is satisfied, courts may consider such factors as: (1) whether the would-be intervener's input adds value to the existing litigation; (2) whether the petitioner's interests are adequately represented by the existing parties; and (3) the availability of an adequate remedy in another action. *See Lower Arkansas Valley Water Conservancy Dist. v. United States*, 252 F.R.D. 687, 690-91 (D. Colo. 2008); *see also Wildearth Guardians v. National Park Serv.*, No. 08-cv-608-MSK-CBS, 2008 WL 2668479, at *4 (D. Colo. June 30, 2008) (matters that may be considered are the sufficiency of existing representation, concerns of efficiency, and so on).

*Georgacarakos v. Wiley*, No. 07-cv-1712-MSK-MEH, 2009 WL 1595071, at *3 (D. Colo. Mar. 19, 2009) (unpublished Report and Recommendation), *adopted by district court*, (D. Colo. June 4, 2009).

After careful review, the Court finds Movants' motions to intervene should be denied. While there may be a common question of law concerning allegedly unconstitutional general conditions of confinement in the Department of Corrections facilities, the Court finds Movants' proposed claims are much broader than Plaintiff's claim regarding his access to

5

uncontaminated water when his cell at MACC was very hot.[5]  Again, there is an adequate avenue to pursue Movants' claims through individual civil rights complaints pursuant to 42 U.S.C. § 1983.

**ACCORDINGLY,** the motions to intervene by Robert Cotner (Dkt. 34), Lawrence Cross (Dkt. 36), Fred Smith (Dkt. 39), Lelyn Bodine (Dkt. 42), Alric Smith (Dkt. 48), and Charles C. Brewington (Dkt. 83) are DENIED.  All remaining pending motions by Movants (Dkts. 46, 53, 63, 66, 76, 77, 80) and Defendant's motion to strike non-party motion for certification of class and appointment of counsel (Dkt. 73) are DENIED AS MOOT.

**IT IS SO ORDERED** this 24th day of September 2018.

**Dated this 24th day of September, 2018.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[5] The Court notes that Movants have not alleged they have exhausted the administrative remedies for their proposed claims pursuant to 42 U.S.C. § 1997e(a).  *See Georgacarakos*, 2009 WL 1595071, at *4 (noting the proposed intervener was required to exhaust his administrative remedies). *See also Jones v. Bock*, 549 U.S. 199, 211 (2007) (holding that "exhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court").  In addition, any constitutional claims raised pursuant to 42 U.S.C. § 1983 are subject to a two-year statute of limitations.  *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988).